■ In the Matter of the Estate of MAURICIO LEYTON, Deceased. ANA MARIA LEYTON LATORRE et al., Appellants; DAVID HUNTER, Respondent. [22 NYS3d 422]—

Order, Surrogate's Court, New York County (Nora S. Anderson, S.), entered June 16, 2015, which denied the petition to revoke letters testamentary issued to David Hunter, the executor, and to disqualify Hunter as executor and beneficiary under decedent's will executed on January 11, 2001, unanimously affirmed, without costs.

The Supreme Court's recognition of same-sex couples' fundamental right to marry in *Obergefell v Hodges* (576 US —, 135 S Ct 2584 [2015]) does not compel a retroactive declaration that the "Commitment Ceremony" entered into by decedent and Hunter in 2002, when same-sex marriage was not recognized under New York law, was a legally valid marriage for purposes of the "former spouse" provisions of EPTL 5-1.4. Even assuming that decedent's and Hunter's union should be retroactively recognized as having constituted a legal marriage, in order for section 5-1.4's "former spouse" provisions to apply, the end of the marital relationship must have been effected by a formal judicial "decree or judgment" (EPTL 5-1.4 [f] [2]). No such decree was ever issued here.

Indeed, according the union between decedent and Hunter retroactive legal effect would be inconsistent with their understanding that they had never been legally married. Their 2010 separation was informal, with no dissolution ceremony analogous to the commitment ceremony which marked their personal union. Even after 2011, when same-sex marriage was legalized in New York (see Marriage Equality Act [L 2011, ch 95]), decedent and Hunter took no steps to obtain any judicial decree declaring an end to their union. Concur—Friedman, J.P., Sweeny, Saxe and Moskowitz, JJ.